United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETER MARTIN WIELAND,   No. C 05-761 SI (pr)

    Petitioner,   **ORDER**

    v.

TOM L. CAREY, warden,

    Respondent.
                                   /

### INTRODUCTION

Peter Martin Wieland, a prisoner incarcerated at the California State Prison - Solano, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

### BACKGROUND

Wieland alleges in his petition that he was convicted in the Santa Clara County Superior Court of second degree murder and was sentenced to 15 years to life in prison. He appealed. The California Court of Appeal affirmed the conviction and the California Supreme Court denied review, allegedly in 2002 or 2003. Wieland filed a petition for writ of habeas corpus in the California Supreme Court that he reports was denied on August 11, 2004. He then filed this action. His federal petition was dated February 14, 2005; the petition came to the court in an envelope post-marked February 15, 2005; and the petition was stamped "filed" on February 22, 2005.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, a district court may also order the respondent to file another pleading where neither summary dismissal nor service is appropriate.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. See id. § 2244(d)(2).

It appears that Wieland's petition may be untimely under the AEDPA's one-year limitation period. This apparent procedural problem should be addressed before the court reaches the merits of the claims raised in the petition. If the petition is time-barred, the litigants and court need not expend resources addressing the claims in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, respondent must either (1) move to

2

dismiss the petition on the ground that it is untimely, or (2) inform the court that respondent is of the opinion that such a motion to dismiss is unwarranted in this case.

**CONCLUSION**

Good cause appearing therefor,

1. The clerk shall serve by certified mail a copy of this order, the petition, all attachments thereto, and the rest of the case file upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also send a copy of this order to petitioner.

2. Respondent must file with the court and serve upon petitioner, no later than **September 9, 2005**, a motion to dismiss the petition or a notice that respondent is of the opinion that a motion to dismiss is unwarranted.

3. If petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the court and serving it upon respondent no later than **October 14, 2005**.

4. Respondent may file and serve a reply no later than **October 28, 2005**.

5. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion. If respondent notifies the court that a motion to dismiss is unwarranted or the motion to dismiss is decided against respondent, the court will then determine whether to require an answer to the petition.

IT IS SO ORDERED.

DATED: July _7_, 2005

_____
SUSAN ILLSTON
United States District Judge

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETER MARTIN WIELAND,   No. C 05-761 SI (pr)

    Petitioner,   **ORDER**

    v.

TOM L. CAREY, warden,

    Respondent.
                                      /

### INTRODUCTION

Peter Martin Wieland, a prisoner incarcerated at the California State Prison - Solano, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

### BACKGROUND

Wieland alleges in his petition that he was convicted in the Santa Clara County Superior Court of second degree murder and was sentenced to 15 years to life in prison. He appealed. The California Court of Appeal affirmed the conviction and the California Supreme Court denied review, allegedly in 2002 or 2003. Wieland filed a petition for writ of habeas corpus in the California Supreme Court that he reports was denied on August 11, 2004. He then filed this action. His federal petition was dated February 14, 2005; the petition came to the court in an envelope post-marked February 15, 2005; and the petition was stamped "filed" on February 22, 2005.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, a district court may also order the respondent to file another pleading where neither summary dismissal nor service is appropriate.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. See id. § 2244(d)(2).

It appears that Wieland's petition may be untimely under the AEDPA's one-year limitation period. This apparent procedural problem should be addressed before the court reaches the merits of the claims raised in the petition. If the petition is time-barred, the litigants and court need not expend resources addressing the claims in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, respondent must either (1) move to

2

dismiss the petition on the ground that it is untimely, or (2) inform the court that respondent is of the opinion that such a motion to dismiss is unwarranted in this case.

## CONCLUSION

Good cause appearing therefor,

1. The clerk shall serve by certified mail a copy of this order, the petition, all attachments thereto, and the rest of the case file upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also send a copy of this order to petitioner.

2. Respondent must file with the court and serve upon petitioner, no later than **September 9, 2005**, a motion to dismiss the petition or a notice that respondent is of the opinion that a motion to dismiss is unwarranted.

3. If petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the court and serving it upon respondent no later than **October 14, 2005**.

4. Respondent may file and serve a reply no later than **October 28, 2005**.

5. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion. If respondent notifies the court that a motion to dismiss is unwarranted or the motion to dismiss is decided against respondent, the court will then determine whether to require an answer to the petition.

IT IS SO ORDERED.

DATED: July _7_, 2005

_____
SUSAN ILLSTON
United States District Judge

3