UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETER MARTIN WIELAND,　　　　　　　　No. C 05-761 SI (pr)

　　　　Petitioner,　　　　　　　　　　　　**ORDER OF DISMISSAL**

　　v.

TOM CAREY, warden,

　　　　Respondent.
　　　　　　　　　　　　　　　　/

# INTRODUCTION

Peter Martin Wieland, a prisoner currently in custody at the California State Prison - Solano, filed a <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his murder conviction. This matter is now before the court for consideration of respondent's motion to dismiss. The court finds that the petition was not filed by the deadline in 28 U.S.C. § 2244(d) and therefore dismisses the action.

# BACKGROUND

Wieland was convicted in Santa Clara County Superior Court of second degree murder and was sentenced to fifteen years to life in prison. He appealed. The California Court of Appeal affirmed his conviction and, on December 11, 2002, the California Supreme Court denied his petition for review. Wieland's only state collateral challenge was a petition for writ of habeas corpus filed in the California Supreme Court on October 21, 2003, and denied on August 11, 2004.

1    Wieland's federal petition was signed on February 14, 2005, came in an envelope that has
2 a mark (but not a normal postmark) indicating it was in the U.S. Post Office's system on
3 February 15, 2005, and was stamped "filed" on February 22, 2005. Under the prisoner mailbox
4 rule, Wieland's petition will be deemed filed on February 14, 2005. See Saffold v. Newland,
5 250 F.3d 1262, 1268 (9th Cir. 2001) (pro se prisoner's federal habeas petition is deemed filed
6 when prisoner delivers petition to prison authorities for mailing), vacated and remanded on other
7 grounds, Carey v. Saffold, 536 U.S. 214 (2002). As will be seen below, the petition was
8 untimely regardless of whether it was deemed filed on February 14 or 15, 2005, so the court will
9 not require development of the record to establish which of those two dates was the date the
10 petition was delivered to prison authorities for mailing.

11    Respondent filed a motion to dismiss the action on the ground that the petition was
12 untimely filed. Wieland filed a "motion in opposition to respondent's motion to dismiss."

## DISCUSSION

15    Petitions filed by prisoners challenging non-capital state convictions or sentences must
16 be filed within one year of the latest of the date on which: (1) the judgment became final after
17 the conclusion of direct review or the time passed for seeking direct review; (2) an impediment
18 to filing an application created by unconstitutional state action was removed, if such action
19 prevented petitioner from filing; (3) the constitutional right asserted was recognized by the
20 Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive
21 to cases on collateral review; or (4) the factual predicate of the claim could have been discovered
22 through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

23    The starting date of the limitations period here is the ordinary one: the date on which the
24 judgment became final after the conclusion of direct review or the time passed for seeking direct
25 review. See 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the period within which a
26 petitioner can file a petition for a writ of certiorari in the United States Supreme Court, whether
27 or not the petitioner actually files such a petition. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.

1999). Wieland's conviction became final, and his one-year limitations period began on March 11, 2003, ninety days after the California Supreme Court denied his petition for review on December 11, 2002. The presumptive deadline for filing the federal petition was March 11, 2004. Wieland's federal petition was filed eleven months after that presumptive deadline and, unless he is entitled to enough tolling, was untimely.

The next step is to determine whether the limitations period should be statutorily tolled. The one-year limitations period will be tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Wieland's only state habeas petition was filed on October 21, 2003, and denied by the California Supreme Court on August 11, 2004. By the time he filed his state habeas petition, 223 days of the one-year limitations period had passed, so he is entitled to statutory tolling for the 294 days the state habeas petition was pending.

Wieland urges that he also receives statutory tolling for the thirty days after the California Supreme Court denied his habeas petition, but the rule on which he relies does not apply in his case. For cases in which the California Supreme Court denied the petition for writ of habeas corpus before January 1, 2003, the decision did not become final until thirty days later. For cases in which the court denied the petition after January 1, 2003 --as was the case for Wieland's petition denied on August 11, 2004 – the California Supreme Court's decision became final upon filing.[1]

---

[1] The Ninth Circuit held in 2002 that the statutory tolling ended thirty days after the California Supreme Court's denial of the final habeas petition was filed because that was when the denial became "final" under the former California Rule of Court 24. <u>Allen v. Lewis</u>, 295 F.3d 1046, 1046 (9th Cir. 2002) (en banc) (reaffirming <u>Bunney v. Mitchell</u>, 262 F.3d 973, 974 (9th Cir. 2001)). However, the rationale of <u>Allen v. Lewis</u> only applies to denials the California Supreme Court filed before January 1, 2003. On January 1, 2003, the California Supreme Court made clear that its orders denying a petition for a writ of habeas corpus within its original jurisdiction are final on filing. <u>See</u> Cal. Rule of Court 29.4(b)(2)(C).

As noted, 223 days of the one-year limitations period had passed before Wieland filed his state habeas petition. Another 186 days passed after the state habeas petition was denied before Wieland filed his federal petition on February 14, 2005 – making it 409 days before the federal petition was filed, which exceeded the one-year limitations period.

The final step is to determine whether equitable tolling applies. Equitable tolling of the limitations period is available upon a showing of extraordinary circumstances beyond a petitioner's control which prevented him from timely filing the petition. See, e.g., Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (equitable tolling will not be available in most cases because extensions of time should only be granted if extraordinary circumstances beyond prisoner's control make it impossible for him to file petition on time), cert. denied, 523 U.S. 1, and cert. denied, 523 U.S. 1061 (1998), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999). Wieland argues that he is entitled to equitable tolling because he received constitutionally ineffective assistance from appellate counsel who did not advise him about procedural issues in habeas. His argument is unpersuasive.

Wieland had no legal right to counsel for his state habeas petition or his federal habeas petition. "[T]he right to appointed counsel extends to the first appeal of right, and no further." Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). There is no constitutional right to an attorney in any other state post-conviction proceedings. See Coleman v. Thompson, 501 U.S. 722, 755-57 (1991) (no right to counsel on appeal from state habeas trial court judgment); Finley, 481 U.S. at 556 (no right to counsel in state collateral proceedings after exhaustion of direct appellate review). Where no constitutional right to counsel exists, there can be no constitutional claim for ineffective assistance. See Coleman, 501 U.S. at 757; Bonin v. Calderon, 77 F.3d 1155, 1159-60 (9th Cir. 1996) (claim of ineffective assistance of counsel in state habeas proceedings does not present violation of Sixth Amendment right to counsel or Fourteenth Amendment right to due process where no constitutional right to counsel in such proceedings). Because Wieland had no right to assistance of counsel in either his state or federal habeas proceedings, it follows that

1  there could not have been constitutionally deficient assistance of counsel.

2  Not only is the law against Wieland, the facts are strongly against his argument for
3  equitable tolling based on appellate counsel's conduct.  Appellate counsel did not mislead
4  Wieland as to the requirements of a state or federal habeas action.  When the petition for review
5  was denied, counsel wrote to Wieland to advise him that his petition for review had been denied
6  and that she was done: "At this point, my representation of you is at an end.  I will be taking no
7  further action on your behalf.  Now, if you choose, you can file a petition for writ of habeas
8  corpus in federal district court raising the issues that were set forth in your petition for review."
9  Wieland's Opposition, attachment "A."  Counsel also told Wieland where to get the necessary
10 habeas form, that the form was self-explanatory, and that he had to file a federal petition before
11 December 10, 2003.  Id.  The fact that counsel did not inform him about various procedural
12 concerns in state and federal habeas is irrelevant, because counsel had no duty to do so.  Wieland
13 is not entitled to tolling based on the absence of habeas advice from his appellate counsel who
14 clearly announced that her representation had ended when the direct appeal ended. Cf. Spitsyn
15 v. Moore, 345 F.3d 796, 800-01 (9th Cir. 2003) (equitable tolling appropriate where attorney
16 was retained to file and prepare petition, failed to do so, and disregarded requests to return files
17 pertaining to petitioner's case until well after the date the petition was due; remanding on issue
18 of whether petitioner exercised reasonable diligence); Frye v. Hickman, 273 F.3d 1144, 1146
19 (9th Cir. 2001) (no equitable tolling based on attorney's miscalculation of the deadline and
20 general negligence in failing to timely file petition).  The limitations period will not be equitably
21 tolled.

22 Wieland's  federal petition was deemed filed on February 14, 2005, 44 days after the
23 deadline for filing.  The petition must be dismissed because it was not timely filed under 28
24 U.S.C. § 2244(d)(1).

25 / / /
26 / / /
27 / / /
28

**CONCLUSION**

For the foregoing reasons, respondent's motion to dismiss is GRANTED. (Docket #5.) Petitioner's motion in opposition to the motion to dismiss is DENIED. (Docket #6.) The action is dismissed because the petition for writ of habeas corpus was not timely filed. The clerk shall close the file.

IT IS SO ORDERED.

DATED: April 27, 2006

_____
SUSAN ILLSTON
United States District Judge